UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS SPINOSA                                              CIVIL ACTION

VERSUS

FOREMOST INSURANCE COMPANY                    NO. 23-01226-BAJ-EWD
GRAND RAPIDS, MICHIGAN

### RULING AND ORDER

Now before the Court is Defendant's **Motion to Dismiss Pursuant to Federal Rule 12 (Doc. 10)**. Plaintiff, Travis Spinosa, alleges that his 20 rental properties sustained damages from Hurricane Ida. (Doc. 1 at 3). He sued his insurer, Defendant Foremost Insurance Company Grand Rapids Michigan (Foremost), on August 29, 2023, for several claims of breach of contract. (Doc. 1). Defendant's motion is opposed. For the reasons stated herein, the Motion will be granted in part.

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). A complaint is subject to dismissal under this provision if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F. 3d 148, 152-53 (5th Cir. 2010) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Defendant filed the Motion on October 27, 2023. (Doc. 10). Plaintiff entered his Memorandum in Opposition (Doc. 20) 165 days later, on April 9, 2024. Pursuant to Local Rule 7(f) "[a] respondent opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion." Here, Plaintiff did not seek an extension of time to plead under Local Rule 7(a), nor did he provide a justification for the untimeliness of his response. As such, it is evident that Plaintiff has failed to comply with the Local Rules.

Nonetheless, even if the Court were to disregard Plaintiff's untimeliness, his claims still would not survive the pleading stage. Plaintiff alleges claims of bad faith, breach of contract and damages. However, Plaintiff does not assert his claims with specificity. It is well-settled that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2392, 92 L.Ed.2d. 209 (1986)).

Here, Plaintiff simply provides a table consisting of his properties and states that "[he] has sustained loss which is covered by the policies and has made claims and sought recovery for said loss against Defendant under the provisions contained in the policies." (Doc. 1 at ¶ 17). In a seemingly boilerplate manner, Plaintiff argues

2

his position with blanket assertions. Plaintiff's claims lack plausibility to survive the dismissal stage.

In addition, the Court lacks subject matter jurisdiction over Plaintiff's property located at 28386 Bell Park Road, Lacombe, Louisiana ("Lacombe Property"). Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." In this case, Plaintiff asserts that Hurricane Ida damaged the property which is situated in St. Tammany Parish. This Court serves nine civil parishes, none of which include St. Tammany Parish. As such, venue for the Lacombe Property is proper at the United States District Court for the Eastern District of Louisiana.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion To Dismiss Pursuant To Federal Rule 12 (Doc. 10)** be and is hereby **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Claim regarding the Lacombe Louisiana property be and is hereby **TRANSFERRED** to the Eastern District of Louisiana.

**IT IS FURTHER ORDERED** that all other claims be and are hereby **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 27th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**