UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS SPINOSA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1683** |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is the Motion to Dismiss Pursuant to Federal Rule 12(b)(6)[1] filed by Defendant, Foremost Insurance Company Grand Rapids, Michigan ("Foremost"). The motion was set for submission on March 19, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance March 11, 2025. Plaintiff Travis Spinosa did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 31.
[2] R. Doc. 32.
[3] This action arises out of alleged damage to Plaintiff's property in Lacombe, Louisiana as a result of Hurricane Ida. *See* R. Doc. 1; R. Doc. 23. Plaintiff filed this lawsuit against Foremost, alleging Foremost issued a policy of insurance covering damage the hurricane caused to the Lacombe property. R. Doc. 1. Plaintiff asserts a claim of breach of contract due to Foremost's alleged failure to properly adjust Plaintiff's insurance claim and failure to pay Plaintiff for the losses caused by the storm damage. *Id.* at ¶¶ 15–19. Plaintiff also asserts claims under La. R.S. 22:1892 and 22:1973, alleging Foremost breached its duties of good faith and fair dealing in numerous ways, including by failing to pay the amount owed to plaintiff under the insurance policy arbitrarily, capriciously, and without probable cause. *Id.* at ¶¶ 20–22. Foremost seeks to dismiss Plaintiff's claims because the policy covering the Lacombe property that was in effect at the time of Hurricane Ida clearly and unequivocally excludes from coverage "[l]oss caused by hail or wind including tornado or hurricane wind." R. Doc. 31-1 at 5–6. Accordingly, Foremost argues, the policy did not afford coverage to Plaintiff for the claimed losses to the Lacombe property, and thus Foremost had no contractual obligations to Plaintiff regarding the claimed losses to the property. *Id.* at 5. Foremost further argues that because the policy did not provide coverage Foremost could not arbitrarily and capriciously deny or withhold payment for the claimed losses. *Id.* at 6. Foremost therefore moves this Court to dismiss with prejudice Plaintiff's claims for breach of contract and for bad faith under La. R.S. 22:1892 and 22:1973.
  Because Plaintiff has failed to show that Foremost owed an obligation under the policy to provide coverage for Plaintiff's claimed losses, Plaintiff's breach of contract claim fails. *See Rodriguez v. Occidental Fire & Cas. Co. of N. Carolina*, No. CV 23-5656, 2024 WL 50842, at *2 (E.D. La. Jan. 4, 2024) ("In Louisiana, a breach of contract is found where (1) an obligor has a performance due, (2) the obligor fails to perform the obligation, and (2) the failure to perform causes damages to the obligee."). And because Plaintiff has no valid, underlying substantive claim of insurance coverage, Plaintiff's claim against Foremost for breach of the duty of good faith and fair dealing under La.

**IT IS ORDERED** that Foremost's Motion to Dismiss (R. Doc. 31) is **GRANTED**, and Plaintiff Travis Spinosa's claims against Foremost Insurance Company Grand Rapids, Michigan are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this 15th day of April 2025.

*[signature]*
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

R.S. 22:1892 and 22:1973 also fails. *See id.* at *2–3 (citations omitted) ("This Court has noted that recovery under Section 1973 or Section 1892 does not stand alone but is based on 'a valid, underlying, substantive claim' of insurance coverage. . . . As we have found no plausible statement of a breach of contract claim, plaintiff's dependent claim that defendant breached its duty of good faith and fair dealing also fails the 12(b)(6) analysis.").

2